UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA SUE LYNCH,<br><br>Defendant. | NO: 2:14-CR-0168-TOR-2<br><br>ORDER DENYING RECONSIDERATION OF DETENTION ORDER |

BEFORE THE COURT is Defendant's Motion for Reconsideration of Order of Detention (ECF No. 1365). This matter was heard without oral argument. The Court—having reviewed the record and the parties' completed briefing—is fully informed.

The Grand Jury issued an 83-count Indictment on December 2, 2014. ECF No. 1. Defendant was charged in four counts of that Indictment; three counts of bank fraud and one count of conspiracy. On December 3, 2014, Defendant was arraigned on the Indictment and detained until a bail hearing was held the next day.

ORDER DENYING RECONSIDERATION OF DETENTION ORDER ~ 1

On December 4, 2014, the Government withdrew its motion seeking detention and Defendant was released on strict conditions. ECF No. 272.

According to the pretrial services report, Defendant has a long history of drug addiction with no substance abuse treatment. ECF No. 407 at 3. Defendant was not employed. Defendant's arrest record is lengthy and it appears that four arrest warrants have been issued for her failures to appear for court proceedings. *Id*. at 4, 5, 6, 7.

On April 23, 2015, Defendant violated her conditions of release by traveling to Priest River, Idaho without notification or written permission of the U.S. Probation office. ECF No. 787-1. She was pulled over for a traffic infraction and received a warning. *Id*. The Magistrate Judge did not revoke Defendant's release but the probation officer reviewed Defendant's travel restrictions with her and accepted Defendant's agreement to obtain the necessary permission to travel in the future. *Id*. On June 3, 2015, the Magistrate Judge amended Defendant's conditions of release to allow travel primarily for work, between the Eastern District of Washington and Idaho, but only upon prior notification to her supervising U.S. Probation Officer of all travel-related information, including where she may be reached in Idaho and when she will return to the Eastern District of Washington. See ECF No. 827.

ORDER DENYING RECONSIDERATION OF DETENTION ORDER ~ 2

On June 4, 2015, Defendant appeared before the Court and entered a plea of guilty to Count 1 of the Indictment charging her with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344, 1349. Defendant was released pending sentencing on the same conditions previously imposed. ECF No. 834 at 2. A sentencing hearing was set for October 7, 2015. *Id.*

On June 18, 2015, Defendant was once again stopped for a traffic infraction in Idaho and received another warning. ECF No. 1047-1. Defendant did not have permission to be in Idaho. Once again, the probation officer reviewed Defendant's travel restrictions with her. *Id.* Once again, Defendant agreed to comply with prior notification to her probation officer for travel to Idaho in the future. *Id.*

Upon Defendant's motion, the Court rescheduled sentencing for December 10, 2015. ECF No. 1138.

On November 30, 2015, Defendant sent an email to the assistant United States attorney asking for permission to travel to Bend, Oregon for 3 to 4 days to visit a family friend. ECF No. 1337-1. This information was provided to the Probation Office by the United States Attorney's Office. On November 30, Defendant texted messages to the Probation Office and also agreed to report to the Probation Office on December 1, 2015 to discuss her travel plans with her assigned pretrial services officer. *Id.* Defendant did not report to the Probation Office on December 1, but rather traveled to Bend, Oregon without written permission and

ORDER DENYING RECONSIDERATION OF DETENTION ORDER ~ 3

did not contact the Probation Office until December 2. On December 2, Defendant admitted to two probation officers that she was indeed in Oregon and would soon return. *Id*. An arrest warrant was issued. Defendant did not return to the district until December 3, 2015, whereupon she was arrested.

The Court held a detention hearing on December 3, 2015 and detained Defendant pending sentencing. The Court found "conclusively that Defendant willfully violated her conditions of release by traveling to the State of Oregon without permission of the pretrial services officer." ECF No. 1345.

Defendant now seeks reconsideration of the Court's Order. Defendant contends that she returned voluntarily after a few days and reminds the Court that she has two young children to care for and that she may lose her employment by being detained. ECF No. 1365-1. She explains that her husband works, her elderly parents are caring for her children and this presents an extreme hardship. *Id*. Lastly, Defendant alleges she is suffering ill health and needs to schedule a follow-up visit. ECF No. 1383.

"A person who has been released under section 3142 . . . and who has violated a condition of [her] release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).

Once again, the Court finds conclusively that Defendant willfully violated her conditions of release by traveling to the State of Oregon without permission of

her pretrial services officer. After considering the factors set forth in 18 U.S.C. § 3142(g) the Court rejects Defendant's proffered reasons for her release. That it would now be inconvenient for others should Defendant be detained does not show that Defendant will abide by the Court's orders. Defendant's non-descript need for a follow-up visit for her health also does not warrant release.[1] In light of the circumstances surrounding her serious violation of the Court's order, the Court finds Defendant is not amendable to supervision and further finds that there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community and she will be detained pending further proceedings.

///

///

///

///

///

///

---

[1] Compelling health needs may warrant an escorted doctor's appointment, 18 U.S.C. § 3142(i), or justify a doctor to visit Defendant in jail, but certainly do not require wholesale release.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration of Order of Detention (ECF No. 1365) is **DENIED**. Pending further proceedings, the Defendant is remanded to the custody of the United States Marshal.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office and the United States Marshal.

**DATED** December 22, 2015.



THOMAS O. RICE
UNITED STATES DISTRICT JUDGE