UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRENDA SUE LYNCH,<br><br>                    Defendant. | NO: 2:14-CR-0168-TOR-2<br><br>ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA |

BEFORE THE COURT is Defendant's Motion for Withdrawal of Guilty Plea (ECF No. 1363). This matter was heard without oral argument. The Court—having reviewed the record and the parties' completed briefing—is fully informed.

## BACKGROUND

The Grand Jury issued an 83-count Indictment on December 2, 2014. ECF No. 1. Defendant was charged in four counts of that Indictment; three counts of bank fraud and one count of conspiracy. The Indictment also contained Notice of

ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA ~ 1

Forfeiture allegations seeking a money judgment for the proceeds of the crimes charged. On December 3, 2014, Defendant was arraigned on the Indictment.

On June 4, 2015, Defendant appeared before the Court and entered a plea of guilty to one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344, 1349. The Court accepted Defendant's guilty plea and set a sentencing hearing for October 7, 2015. ECF No. 834. On August 11, 2015, at the request of Defendant, the Court appointed her new counsel. On September 11, 2015, Defendant moved to continue her sentencing hearing for 60 days to allow her new counsel adequate time to determine whether a motion to withdraw her guilty plea is appropriate. ECF No. 1135. Sentencing was then scheduled for December 10, 2015. ECF No. 1138. On December 4, 2015, Defendant once again moved to continue her sentencing hearing, ECF No. 1350, and on December 8, 2015 filed the instant motion to withdraw her guilty plea, ECF No. 1363.

Defendant contends newly discovered evidence, evidence that a key witness recanted her incriminatory statements that pinned significant criminal conduct on the Defendant, is a fair and just reason to allow her to withdraw her guilty plea. Specifically, Defendant points to a report that documents what a co-defendant said during the execution of a search warrant at her house on January 29, 2014. ECF No. 1363-3. According to this report, the co-defendant implicated Griffith and Defendant Lynch as the two individuals manufacturing counterfeit checks in this

case. The co-defendant claimed Lynch printed these checks with a laptop and a printer and made 90% of the checks at her residence. She estimated that Lynch manufactured 40-50 checks or 30% of all the checks manufactured in this case. Id. This report was turned over by the government in discovery and according to Defendant Lynch, was one of the reasons she pleaded guilty.

However, the co-defendant participated in another interview on February 9, 2015. According to the written report of that interview, the co-defendant recanted her prior statements about Defendant Lynch's involvement and affirmatively stated that she never saw her manufacture checks and that Lynch tended to brag about many things she could not really do. ECF No. 1363-2. When asked who was responsible for manufacturing checks, she stated she believed both Griffith and Lynch were, but she never saw Lynch manufacture checks in person. *Id*. This report was not disclosed to Defendant Lynch until August 2015, two months after she pleaded guilty. ECF No. 1363-1.

## DISCUSSION

A defendant may withdraw his guilty plea after it is accepted but before sentencing if he demonstrates "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This standard "is applied liberally." *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, *newly*

ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA ~ 3

*discovered evidence,* intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id*. at 1011(citation omitted, emphasis in original). Evidence is sufficient if it "could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the evidence prior to pleading." *Id*. at 1011-12. As the Garcia Court firmly explained, the "generous 'fair and just reason' standard does not require that the defendant show that the new evidence exonerates him or that there is a reasonable probability he would not have been convicted had the case gone to trial." *Id*. at 1011. Nor should the Court decide the merits of the proffered defense, those are for a jury to decide.

Looking at the evidence in the light of a reasonable person in the defendant's position, the Court finds the undisclosed evidence could have motivated her to change her position. *See Garcia*, 401 F.3d at 1011-12.

The government's reasons for opposing withdrawal are not persuasive. First, the government contends Defendant fails to establish a "reasonable probability" that the undisclosed evidence would have caused her to go to trial. ECF No. 1386 at 2. The standard is not reasonable probability, but rather whether the evidence could plausibly motivate a reasonable person. *See Garcia*, 401 F.3d at 1011-12.

ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA ~ 4

Next, the government recites to what it believes is overwhelming evidence of Defendant's guilt. ECF No. 1386 at 2-10. Again however, that is not the test. The Court is not charged with weighing the evidence at this stage of the case. The government next focuses on the thoroughness of the Rule 11 plea hearing. Again however, Defendant is not attacking the voluntariness or procedural aspect of her plea, she is relying on the newly discovered evidence that was withheld by the government. The government's argument misses the mark. Next, the government questions the timing of Defendant's motion. However, as recounted above, once the undisclosed evidence was provided to her, she promptly sought new counsel, and new counsel promptly began investigating Defendant's claims. The Court does not find Defendant tactically delayed pursuit of her motion, but rather promptly sought relief through independent counsel. Finally, the government tries to distinguish *Garcia* and claims there was no *Brady* violation, likening the second report to merely impeachment material. The second report was not merely impeachment evidence, but rather affirmative statements that the co-defendant never witnessed Defendant Lynch manufacturing counterfeit checks. The government's recitation of the habeas standard of review for *Brady* violations is inapposite to the Rule 11 standard for the withdrawal of a guilty plea.

//

//

ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Withdrawal of Guilty Plea (ECF No. 1363) is **GRANTED**. A separate jury trial scheduling order will follow.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office and the United States Marshal.

**DATED** January 6, 2016.



THOMAS O. RICE
UNITED STATES DISTRICT JUDGE